## The People v. Charles Clarkson.

*Passing counterfeit money—Charge to jury.*

1. In a prosecution for passing counterfeit money it is relevant to the question of guilty knowledge to show that on the same evening and in the same town there were other instances of the same offense, even though the person guilty of it could only be identified with the respondent in general appearance.

2. Where there is evidence in a criminal case tending to support the judge's version of the facts, and the fair construction of it is not misleading, his direct narration of the facts in his charge, though hardly proper, is not clearly ground for disturbing the judgment

Error to Wayne. (Jennison, J.) Jan. 20.—Jan. 28.

Information for passing counterfeit coin. Respondent brings error. Affirmed.

Attorney General *Taggart* for the People.

*Edward S. Grece* for respondent, as to the necessity of positive identification: 1 Greenl. Ev. §§ 19, 111, 52 ; Russell on Crimes 772 ; Rosc. Crim. Ev. 81 ; *People v. Jenness* 5 Mich. 305 ; *Lightfoot v. People* 16 Mich. 507 ; *People v. Henssler* 48 Mich. 49 ; *People v. Schweitzer* 23 Mich. 301 ; *Rex v. Forbes* 7 C. & P. 224 ; *State v. Williams* 27 Vt. 724; *Regina v. Cooke* 8 C. & P. 586 ; *State v. Van Houten* 3 N. J. L. 671 ; *Com. v. Bigelow* 8 Met. 235.

Campbell, J. Respondent was convicted of uttering counterfeit silver coin. The testimony showed that late in the evening of September 21, 1883, respondent and another man in his company stopped at Wyandotte and went into a saloon and respondent, to pay for what they bought, handed over a dollar and got change, and they went out. Almost immediately the character of the coin was discovered, and search was begun for the parties. About midnight they were seen near the track behind some posts, and jumped upon the train as it was moving out, but were followed by officers and defendant was arrested, the other man escaping.

In order to prove the guilty knowledge of respondent of the quality of the coin evidence was received among other things of the passage of counterfeit coin of the same sort on the same evening at other places in Wyandotte, but in some of these cases the witnesses could only describe the persons implicated by their general appearance and dress, and could not identify the prisoner. There was evidence that he was dressed in a similar manner to that described, and that he and his companion differed in dress and stature. The court refused at first to strike out this testimony, and when it was done did not do it in such a way, as respondent claims, as to avoid misconception. But we do not think the testimony was irrelevant. It did not of itself amount to much, perhaps, but it might have been made very strong by comparison with other proof, and we think no wrong was done in its first reception.

It is also claimed that in his charge the judge practically took some facts from the jury, or gave them such an authoritative version as would bias the jury. It would, perhaps, have been better if the court had not gone into so direct a narration of the facts which were brought out by the proofs. But there was testimony tending to prove all that the judge said it tended to prove, and we are not prepared to say that the fair construction of what he said was misleading.

The judgment must be affirmed.

The other Justices concurred.