## PEOPLE *v.* GIDDINGS.

1. CRIMINAL LAW—INTENT — SIMILAR OFFENSES — EVIDENCE — IN
   TOXICATING LIQUORS.

   Where a respondent was charged with furnishing intoxicating
   liquors to one of a number of berry pickers, in violation of
   the local-option law, evidence of similar offenses relating to
   other berry pickers at about the same time is competent
   to show intent and to rebut any inference of mistake or accident.

2. SAME—INTOXICATING LIQUORS—LOCAL OPTION.

   It was error to admit testimony that another witness procured intoxicating liquor of the respondent's employé, out of
   a bottle on the person of the latter, the respondent being in
   no wise connected with the transaction.

3. SAME—LIQUOR FURNISHED TO GUESTS.

   Requested instructions to the jury were properly refused where
   they submitted the question whether the intoxicants were
   furnished to a guest, and the theory was unsupported by
   evidence on either side.

4. TRIAL —ARGUMENT — CRIMINAL LAW — SAVING QUESTIONS FOR
   REVIEW.

   The court will not consider error assigned on the argument
   of the prosecuting attorney, upon a record which shows no
   exception or objection made at the time.

Exceptions before judgment from Barry; Smith, J.
Submitted November 15, 1909.   (Docket No. 166.)   Decided February 3, 1910.

Homer Giddings was convicted of violating the local-
option law.   Reversed.

*Thomas Sullivan*, for appellant.

*William W. Potter*, Prosecuting Attorney, for the
people.

McALVAY, J.   Respondent was prosecuted and found

guilty of furnishing intoxicating liquor to one James Foster in July, 1908, contrary to the provisions of the local-option law of this State which was at the time in force in the county of Barry, within which the claimed offense was committed. The case is here upon exceptions before sentence.

The errors relied on, and upon which respondent asks for a reversal, are as follows: (*a*) That the court allowed evidence tending to show other like offenses; (*b*) that the court erred in certain portions of the charge as given, and in refusing to give certain requests of respondent to charge the jury; (*c*) and as to certain language of the prosecutor, in an argument in the presence of the jury, upon a motion made in behalf of respondent to dismiss the case, and in not granting such motion.

The facts in the case necessary to state in this opinion were that respondent who lives in Kalamazoo was, during the season of 1908, in control of a certain huckleberry swamp in Barry county, for the purpose of picking and marketing berries, and had in his employ 20 or more persons who were Indians or of Indian descent, as berry pickers, and among their number one James Foster; that respondent occupied a tent on these premises, and the berry pickers, both men and women, occupied other tents in its vicinity. On the morning of the day in question, Foster went to respondent's tent outside of and near which was a stove set up used by respondent for cooking purposes. Near this stove was a table. Foster testified that he went to this tent to get a match to light his fire; that upon the table he saw a small bottle containing whisky, from which he poured a small quantity of the liquor, and went to the stove, where respondent then was, and respondent poured some hot water into the cup for him, and he drank the mixture. Foster says that he took the liquor of his own accord without any offer or request on the part of respondent. During the introduction of the case for the people evidence was admitted tending to show that, at or about the time of the alleged furnishing of the

whisky to Foster, respondent furnished whisky and alcohol to others of these berry pickers. In his defense respondent denied that he ever furnished liquor of any kind to Foster, and never gave him any at the tent; that he brought no whisky to this tent, and did not remember that any whisky was there; that he had no clear alcohol, but did have a mixture of alcohol, ammonia, and glycerine for poisons and bee stings, and also a preparation known as "King of Pain" which he thought had alcohol in it, and of which he gave Inman Foster a dose when he was sick and exhausted. He also denied having sold any liquor to Sprague, one of the witnesses who testified to that effect. All of the testimony on the part of the people relative to any other offense was objected to. It is urged on the part of the people, and was claimed on the trial, that this testimony was admissible to rebut any presumption of accident or mistake in furnishing the liquor to James Foster, and as bearing upon the knowledge and intent of respondent in furnishing the liquor to Foster.

In the charge to the jury, the following request of respondent given by the court clearly shows his claim on this branch of the case:

"It is the claim of the defense that if James Foster got any intoxicating liquor at the Giddings tent, as alleged in the information, that he did so without the knowledge of Mr. Giddings, and I instruct you that Mr. Giddings would not be guilty of the crime charged against him in the case, providing you find that James Foster helped himself to the liquor which he claims to have taken at Giddings' tent, without the knowledge or consent of the respondent, Mr. Giddings. In other words, if James Foster took the liquor from a table by the Giddings tent without the knowledge or consent of Mr. Giddings, then your verdict will be not guilty."

As bearing upon the intent and knowledge of respondent, and to rebut the presumption of accident or mistake in furnishing this liquor, the testimony as to the furnishing or selling of these liquors by respondent to others was ad-

missible. The court charged the jury relative to this testimony as follows:

"Proof has been offered by the people—and I would like to have very careful attention given to this—proof has been offered by the people and admitted in this case, of the furnishing of liquor by the defendant to other persons than James Foster, and you have a right to consider this proof as bearing upon the kind and character of the liquors furnished to Foster, he, the defendant, claiming that he had no whisky or alcohol at the tent, and that he furnished none to Foster nor to any other person.

"The defendant claims that if Foster obtained any liquor of him that he obtained it by his own act, and that the defendant did not co-operate with him, and you have a right to consider the proof of the furnishing of other intoxicating liquors by the defendant to other persons, if you shall find it was furnished by him, as tending to rebut any presumption which might otherwise obtain under the circumstances in this case that the liquor was procured innocently or accidentally of the defendant and without his knowledge, consent, approval or co-operation, and as tending to show that he knowingly and intentionally permitted Foster to obtain the whisky in question and co-operated with him in procuring it and preparing it for use. You should, however, gentlemen, bear in mind and keep it before you all the time in your consideration of the case, that respondent is being tried for furnishing liquor to James Foster and not to any one else, and the proof offered of other furnishing of liquor is for the purpose of establishing the furnishing to James Foster, and whatever you believe about the furnishing of liquor to any one else, you cannot and should not convict the respondent because of such furnishing, but, if convicted at all, he should be convicted of furnishing to James Foster in the manner and form as alleged in the people's information."

The purpose for which this proof was admitted and could be considered was clearly and correctly stated by the court.

This case comes within the exception to the general rule relied upon by respondent that proof of other offenses may not be admitted upon the trial of one accused of crime, being of that class of cases where the circumstances

permitted the inference of accident, mistake, or inadvertence to be drawn. *People* v. *Burke,* 157 Mich. 113 (121 N. W. 282); *People* v. *Seaman,* 107 Mich. 348 (65 N. W. 203, 61 Am. St. Rep. 326), and cases cited. 1 Wigmore on Evidence, §§ 300–372. If this proof was admissible for any purpose, it would not be rendered incompetent because it might tend to show other violations of the local-option law by respondent. Such proof is never admissible as substantive proof of the act charged for which a respondent is being tried. Cases cited *supra. People* v. *Thacker,* 108 Mich. 652 (66 N. W. 562).

A witness on the part of the people was allowed, over objection and exception, to testify that he procured some alcohol there from a man named Holmes, employed by respondent in making berry crates. He testified on direct examination:

"Mr. Giddings did not furnish some alcohol to my wife at the time she was stung. I got that alcohol of Mr. Holmes. Mr. Holmes lived with Mr. Giddings. I do not know where he got this liquor in question. He did not get it out of Mr. Giddings' tent. He had the liquor in a half pint bottle. I supposed it to be alcohol."

This testimony does not connect respondent with this transaction. The fact that Holmes worked for respondent, and lived with him, and had some alcohol in his possession is not a circumstance tending to establish the knowledge and intent of respondent in furnishing liquor to Foster, for which he was being prosecuted. It was error to admit this testimony, and this court cannot say that it was not prejudicial and reversible error.

In view of a new trial which must be had, some other questions must be passed upon. One contention of respondent was that if liquor was furnished Foster by Giddings it was furnished to a guest and not unlawfully. There is nothing in the case which would warrant the court in giving a request to charge embodying that contention. This case is clearly distinguishable from the

cases of this court relied upon by respondent. The court was not in error in refusing such request to charge.

The prejudicial language of the prosecutor, upon which error is assigned, was not objected to at the time, nor was it called to the attention of the court at any time. We cannot consider error so assigned. For the error pointed out, the conviction is reversed and a new trial ordered.

HOOKER, MOORE, BROOKE, and BLAIR, JJ., concurred.