PEOPLE *v.* McLEAN.

1. CRIMINAL LAW—INTOXICATING LIQUORS—LIQUORS SEIZED SHOULD BE PRODUCED AT EXAMINATION BUT FAILURE TO DO SO DOES NOT REQUIRE DISCHARGE OF DEFENDANT IF OTHER EVIDENCE SUFFICIENT.

In an examination before the magistrate on a charge of illegal possession of whisky, said whisky should have been

identified and made an exhibit, but defendant's discharge was not required because said whisky was not produced, where the testimony of the officers was sufficient to establish the fact that said crime had been committed and that there was probable cause to believe defendant guilty thereof.[1]

2. SAME—DEFENDANT'S KNOWLEDGE OF LIQUOR IN HIS HOME PRESUMED.

In the absence of a claim by defendant of ignorance of liquor found in his home being there, the presumption would prevail that he was aware thereof.[2]

3. SAME—TESTIMONY OF DEFENDANT'S POSSESSION OF LIQUOR AT OTHER TIMES ADMISSIBLE ON THE QUESTION OF HIS KNOWLEDGE OF ITS PRESENCE ON THE DAY OF SEARCH WHERE HE DENIED SUCH KNOWLEDGE.

Where defendant denied knowledge of the presence of whisky found in his home, he raised an issue of knowledge, and on said issue evidence as to his possession of liquor several months previously, and as to his sale of liquor on the day of the search, was admissible, even though it involved other and distinct offenses.[3]

4. SAME—INSTRUCTIONS—IMPEACHMENT.

An instruction that if the jury found from the evidence that defendant did have possession of liquor and did make a sale of it on the day of the search, it was a circumstance that they might consider in determining the weight to be given to defendant's testimony denying knowledge of liquor on his premises on said day, is not open to the objection that the only purpose of said evidence was impeachment of defendant, since it was directed to the defense of want of knowledge of any whisky being in his residence.[4]

Exceptions before judgment from Ingham; Carr (Leland W.), J. Submitted January 15, 1925. (Docket No. 135.) Decided April 3, 1925.

Harvey McLean was convicted of violating the liquor law. Affirmed.

[1]Intoxicating Liquors, 33 C. J. § 423; [2]Id., 33 C. J. § 479; [3]Criminal Law, 16 C. J. § 1173 (1926 Anno); [4]Intoxicating Liquors, 33 C. J. § 547.

*John F. Berry* and *Thomas A. Lawler,* for appellant.

*Andrew B. Dougherty,* Attorney General, and *Barnard Pierce,* Prosecuting Attorney, for the people.

WIEST, J.    Defendant was convicted of having one pint of whisky in his possession and prosecutes review on exceptions before sentence.

Officers, acting under search warrant, visited defendant's residence, January 17, 1924, and found a pint of whisky in the basement.    At the examination, before the magistrate, the whisky was not produced, being then with the State chemist for analysis.    Defendant insists he could not be held for trial without the whisky in evidence against him at the examination.    The whisky should have been identified and made an exhibit at the examination.    If, however, the testimony before the magistrate established the fact that the crime charged had been committed, and there was probable cause to believe defendant guilty thereof, we cannot hold with defendant.    The examination is in no sense a trial to determine the guilt or innocence of an accused; the magistrate does no more than make inquiry of whether a crime has been committed, and, if so, whether there is probable cause to believe the accused committed it. See *People* v. *Lynch,* 29 Mich. 279; *People* v. *Sutherland,* 104 Mich. 470; *Yaner* v. *People,* 34 Mich. 286; Tiffany's Criminal Law (5th Ed.), p. 133.    Going beyond this and attaching rules attending trials would come near placing the accused in jeopardy at the examination and might prevent a trial in the circuit.

The evidence of the officers, before the magistrate, sufficiently justified the findings essential to holding defendant for trial.    The motion to discharge defendant was properly refused.

At the trial, in the circuit, defendant was a witness and claimed he did not know there was intoxicating

liquor in his residence.   To meet this claim of innocence, predicated on ignorance, and to rebut the inference that the liquor was brought there by some one else, the prosecution was permitted to question defendant about liquor in his residence some months before and what he had done with it, and also to show by a witness that on the very day of the search defendant sold him a pint of whisky, was paid two dollars for it in marked money and this money was later found in defendant's residence.   Defendant insists that inquiry into his possession of liquor several months before his arrest on this charge was too remote and brought in issue a collateral matter and was error under the holding in *People* v. *Skrypczak*, 220 Mich. 222.   This would be true upon the mere question of possession but not so upon the issue of knowledge raised by defendant.   Defendant presented the issue of knowledge and cannot be heard to say that evidence bearing thereon related to a collateral subject.   In the absence of his claim of ignorance of liquor being in his home the presumption would prevail that he was aware of its being there, but when he claimed he did not know anything about the liquor found in his residence, it was proper to make broad inquiry of his knowingly having liquor there and of a sale, if any, the day of the search and finding of the whisky in question.   While no intent to violate the prohibition law is involved, yet, when defendant denied all knowledge of possession of liquor found in his home, he brought such claim to issue, and evidence tending to show his claim of ignorance was quite likely a sham, even though it involved other and distinct offenses, was admissible.   This evidence was confined to the question of his knowledge of the whisky being in his residence and was not allowed to bring in separate or distinct offenses for general consideration of his guilt by the jury.

Error is predicated on the following instruction:

"If you find from the evidence beyond a reasonable doubt that he did have liquor in his possession on the 17th day of January and did make a sale of it to Hollis Lett, then that is a circumstance that you may consider in determining the weight to be given to respondent's testimony and as bearing on the question of respondent's knowledge as to whether there was intoxicating liquor on his premises on the day in question."

It is said the only purpose of Mr. Lett's testimony was impeachment of defendant.   Mr. Lett's testimony was directed to the defense of want of knowledge of any whisky being in the residence.

The assignments present no reversible error.

Conviction affirmed and judgment advised.

McDONALD, C. J., and CLARK, BIRD, SHARPE, MOORE, STEERE, and FELLOWS, JJ., concurred.