109 N.J. Super. 160 (1970)
262 A.2d 715
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
CLIFFORD MORSE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 15, 1969.
Supplemental Material December 17, 1969.
December 23, 1969.
Decided March 3, 1970.
*162 Before Judges GOLDMANN, LEWIS and MATTHEWS.
Mrs. Martha K. Kwitny argued the cause for appellant (Mr. Stanley C. Van Ness, Public Defender, attorney; Mrs. Rosemary Reavey, Assistant Deputy Public Defender, of counsel and on the brief).
Mr. Arthur J. Timins. Assistant Prosecutor, argued the cause for respondent (Mr. Leo Kaplowitz, Union County Prosecutor, attorney; Mr. Peter L. Korn, Assistant Prosecutor, on the brief).
The opinion of the court was delivered by LEWIS, J.A.D.
The Union County grand jury returned five indictments, each containing two counts, the first count charging defendant with obtaining money by false pretenses, N.J.S.A. 2A:111-1, and the second charging him with uttering a worthless check, N.J.S.A. 2A:111-15. He pleaded guilty to each of the offenses and was sentenced on December 6, 1968 to a State Prison term of 1-2 years on each of the first counts and one year on each of the second. In the case of four of the five first counts, the terms were to run consecutively. The terms on the fifth first count and the five second counts were all designated to run concurrently to the sentences already imposed. The judge also imposed a suspended sentence for violation of a five-year probation term which had been ordered in September 1965, when defendant pleaded guilty to 20 accusations of uttering worthless checks. That probation, determined by another sentencing judge after having the benefit of an extensive *163 presentence report, was in lieu of State Prison sentences totalling not less than five nor more than ten years.
Defendant's motion for reconsideration of the more recent sentence having been denied, he appeals, claiming that (1) the total sentence of 4-8 years was excessive and (2) it was entered upon an inadequate presentence investigation report. We pass this later point summarily since an examination of the 1965 and 1968 presentence reports and defendant's probational history, which were before the sentencing judge together with a letter from defendant's wife, plainly reveal all the information necessary for a judicial consideration of the total circumstances. See State v. Kunz, 55 N.J. 128, 132 (1969).
The critical issue on this appeal is raised by the Public Defender in a memorandum, supplementing his original brief, wherein it is argued that the total sentence imposed upon defendant was illegal in that defendant was indicted, convicted and sentenced for obtaining money by false pretenses under N.J.S.A. 2A:111-1, when the criminal acts charged were encompassed by the more specific statute dealing with the overdrawing of checking accounts, N.J.S.A. 2A:111-15. We direct our attention to that issue although it was not raised below. R.R. 1:5-1(a) and R.R. 2:5, now R. 2:10-2. See also State v. Terwilliger, 49 N.J. Super. 149 (App. Div. 1958).
N.J.S.A. 2A:111-15 declares:
Any person who * * * with intent to defraud, makes, draws, utters or delivers a check, draft or order for the payment of money in an amount of $200.00 or more, upon any bank or other depository, knowing at the time of so doing that the maker, or drawer, has no funds or insufficient funds * * * for the payment of such instrument, in full, upon its presentation * * * is guilty of a misdemeanor and shall be punished by a fine of not more than $1000.00, or by imprisonment for not more than 1 year, or both.
N.J.S.A. 2A:111-1 is more general, and has within its prohibitory ambit the utterance of a worthless check regardless of the amount. The language here pertinent reads:
*164 Any person who, knowingly or designedly, with intent to cheat or defraud any other person, obtains any money * * * by means of false promises, statements, representations, tokens, writings or pretenses, is guilty of a misdemeanor.
The penalty for such a misdemeanor shall be punishment "by a fine of not more than $1,000, or by imprisonment for not more than 3 years, or both." N.J.S.A. 2A:85-7.
Defendant admittedly issued five checks, each in the amount of $200 or more. He was, nevertheless, indicted, convicted and sentenced on ten counts. If the instant statutes defined two distinct offenses, the State would have the prerogative to proceed under either or both of them. State v. Reed, 34 N.J. 554, 572-573 (1961). Such would be the case where the nature and character of the proofs to sustain conviction, as well as the penalties, are dissimilar. State v. White, 105 N.J. Super. 234, 235 (App. Div. 1969), certif. den. 54 N.J. 242 (1969); State v. Drake, 79 N.J. Super. 458, 463 (App. Div. 1963).
This case, however, is one that involves overlapping statutes, necessitating reference to the entire regulatory scheme of which they form a part. Cf. Modern Industrial Bank v. Taub, 134 N.J.L. 260, 263 (E. &. A. 1946). In situations where two criminal statutes prohibit the same act, we adhere to the inveterate principle that statutes must be read in a manner most favorable to the accused. 3 Sutherland, Statutory Construction (3d ed. 1943), § 5604, p. 49; Bell v. United States, 349 U.S. 81, 83, 75 S.Ct. 620, 99 L.Ed. 905 (1955); State v. Brillo Mfg. Co., 63 N.J. Super. 287, 295 (App. Div. 1960). Moreover, it has been held that any conflict between a general and a specific statute covering a subject in a more minute and definitive way should be resolved by considering the latter as prevailing over the former as an exception to it. Clifford F. MacEvoy Co. v. United States, etc., 322 U.S. 102, 107, 64 S.Ct. 890, 88 L.Ed. 1163 (1944); United States v. Tiplitz, 105 F. Supp. 512, 513-514 (D.N.J. 1952), appeal dismissed 202 F.2d 60 (3 Cir.1953); State by State *165 Highway Com'r v. Dilley, 48 N.J. 383, 387 (1967); State v. Hotel Bar Foods, Inc., 18 N.J. 115, 128 (1955); Ackley v. Norcross, 122 N.J.L. 569, 572 (Sup. Ct. 1939), aff'd o.b. 124 N.J.L. 133 (E. & A. 1940).
We view State v. Bott, 53 N.J. 391 (1969), as persuasive and controlling. There, our Supreme Court held that the crime of receiving a stolen automobile, N.J.S.A. 2A:139-3, was a distinct crime from that of receiving stolen goods generally, N.J.S.A. 2A:139-1. The broad omnibus statute had been in force since at least 1796, and the specific statute was enacted in 1921 "to abate the theft of automobiles and their purchase by some person or persons knowing the same to have been stolen." 53 N.J., at 398. The court declared that the later statute was enacted because the Legislature recognized a "special evil" associated with receiving stolen motor vehicles. Id., at 399.
The source of the instant omnibus statute (N.J.S.A. 2A:111-1) is L. 1898, c. 235, § 202, p. 851. The specific statute (N.J.S.A. 2A:111-15) was adopted 21 years later. L. 1919, c. 72, § 1, p. 133. There is a logical and rational inference that, since the source of the more specific legislation was later in time, it was passed to remedy a singular and persistent problem which the Legislature reasoned it had inadequately dealt with earlier. See McCaffrey, Statutory Construction, § 81, p. 167 (1953). Cf. State v. Hotel Bar Foods, Inc. supra, 18 N.J., at 128; State v. Fary, 16 N.J. 317, 323 (1954). Noting the magnitude and uniqueness of check frauds (see O'Malley, "Common Check Frauds and the Uniform Commercial Code, 23 Rutgers L. Rev. 189 (1969)), and that the elements of the crime of obtaining money under false pretenses, as alleged here, and uttering a worthless check are identical, we conclude that the Legislature consciously and deliberately intended that one uttering a worthless check in an amount greater than $200 should be indicted under the specific statute and not the more general one that had been previously enacted.
*166 "A man cannot suffer more punishment than the law assigns, but he may suffer less." 1 Blackstone, Commentaries 92 (Lewis ed. 1922). See e.g., State v. Bess, 53 N.J. 10, 19 (1968); cf. State v. Ellis, 26 N.J.L. 219 (Sup. Ct. 1857), see also State v. Bell, 55 N.J. 239 (1970).
Accordingly, the convictions under the omnibus statute, N.J.S.A. 2A:111-1, are vacated, and the matter is remanded to the trial court for resentencing on the conviction of five counts of uttering worthless checks under N.J.S.A. 2A:111-15.