PEOPLE *v.* TOWNSEND
PEOPLE *v.* SOLANO

1. CRIMINAL LAW—NEW RULE OF LAW—APPEAL AND ERROR—PRE-
SERVING QUESTION.

A defendant in a criminal case is entitled on direct appeal of
his conviction to the benefit of a new rule of law declared
after his trial even though he did not preserve the legal issue
by timely raising the question at trial level.

2. CRIMINAL LAW—NEW RULE OF LAW—WEAPONS—APPEAL AND
ERROR.

The defendants who were convicted of carrying a concealed
weapon which the police found in an illegal search of the
defendants' automobile following their arrest for another crime,
made on less than probable cause, were not required to
challenge at the trial level the constitutionality of the state
constitution's proviso exempting illegally seized dangerous
weapons from the exclusionary rule in order to benefit from
a decision holding the proviso unconstitutional (Const 1963,
art 1, § 11).

3. ARREST—PROBABLE CAUSE—SEARCHES AND SEIZURES—INCIDENT
TO ARREST.

The police did not have probable cause to arrest the defendants
for armed robbery and thus the subsequent search of the de-
fendants' car was unconstitutional where the police based
their arrests on three different police teletype messages de-
scribing the men wanted for armed robbery as (1) a "Spanish-
looking" man, 40 to 45 years old, five feet eight inches, one
hundred sixty-five pounds and a white male, 40 to 50 years
old, black hair; (2) a Mexican, 17 to 19 years old, five feet
six inches, thin build and a white male, 18 to 19 years old,
red hair; and (3) two white males driving a black Thunder-
bird or Ford automobile, where one of the defendants was

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 5 Am Jur 2d, Appeal and Error §§ 728, 729.
[3] 5 Am Jur 2d, Arrest § 44 *et seq.*

of Mexican descent, over six feet tall, weighed over two
hundred pounds, and appeared to be around 30 years old
and where the defendants were in a light tan or brown Thun-
derbird, because the three teletype messages read together
would have allowed the police to arrest any Mexican between
17 and 45 years old and any white man between 18 and 50
years old seen together.

Appeal from Recorder's Court of Detroit, Thomas
L. Poindexter, J. Submitted Division 1 June 3,
1970, at Detroit. (Docket Nos. 5,194, 5,947.) De-
cided July 28, 1970.

Charles Townsend and Joseph Solano were con-
victed of carrying a concealed weapon. Defendants
appeal. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Samuel J. Torina,* Chief
Appellate Lawyer, *Dominick R. Carnovale,* Chief,
Appellate Department, *Angelo A. Pentolino,* Assist-
ant Prosecuting Attorney, and *Thomas P. Smith,*
Assistant Prosecuting Attorney, for the people.

*Sheldon Otis,* for defendant Charles Townsend.

*Kenneth A. Webb,* for defendant Joseph Solano.

Before: J. H. Gillis, P. J., and Levin and Bor-
radaile,* JJ.

Levin, J. The defendants appeal their conviction
by a jury of carrying a concealed weapon.[1] The
weapon, a pistol, was found in a search of an auto-
mobile occupied by Townsend and Solano following
their arrest for another crime. At the trial the

_____

* Circuit judge, sitting on the Court of Appeals by assignment.
[1] MCLA § 750.227 (Stat Ann 1962 Rev § 28.424).

judge said that he was inclined to believe that there was not probable cause to arrest the defendants. He, nevertheless, admitted the pistol over the defendants' objection because of the proviso to the search and seizure section of the Michigan Constitution (Const 1963, art 1, § 11) which excepts narcotics and certain dangerous weapons seized outside the curtilage of a dwelling from the exclusionary rule making illegally seized evidence inadmissible at trial.

Recently the proviso to the Michigan Constitution was declared violative of the Federal Constitution.[2] Accordingly, the pistol was not admissible unless the search was proper because it was made as an incident to a valid arrest. For the reasons that follow, we have concluded that the trial judge correctly opined that there was not probable cause to arrest the defendants before the pistol was discovered.

Four Detroit police officers were cruising in a scout car. One testified that he observed Solano standing beside a Thunderbird automobile; another said that he saw Solano walking toward the automobile with a brown paper bag in his hand. Solano entered the automobile. Townsend was behind the steering wheel.

Solano is of Mexican descent. The officers testified that they recalled teletypes describing a white man and a Mexican wanted for armed robberies using a Thunderbird automobile and they, therefore, decided to investigate. Townsend produced a registration certificate showing that he owned the automobile. The defendants were ordered to leave the automobile, were patted down and, although no weapons were found, were arrested.

---

[2] See *People* v. *Pennington* (1970), 383 Mich 611. Similarly, see *People* v. *Andrews* (1970), 21 Mich App 731; *Lucas* v. *Michigan* (CA 6, 1970), 420 F2d 259.

During a search of the automobile the pistol was found in a paper bag underneath Solano's seat. An investigation after the arrest did not result in the lodging of any charge against the defendants other than charges growing out of the search of the automobile.

The defendants were arrested August 6, 1965. One of the teletypes, dated June 24, 1965, described a "Spanish-looking" man, 40 to 45 years of age, 5 feet 8 or 9 inches tall, weighing 165 pounds. Another, dated July 20, 1965, described a Mexican 17 to 19 years of age, 5 feet 6 inches tall, thin build. A third, dated March 25, 1965, described a black Thunderbird or Ford automobile, but no Mexican.

Solano is over six feet tall, weighed over 200 pounds, and appeared to be 30 years of age. Clearly, neither the Spanish-looking man nor the Mexican man described in the two teletypes first mentioned were Solano. His age, height and weight differed considerably from the age, height and weight of the middle-aged man and the youth described in the teletypes.

In the June 24th teletype the second subject was described as a white male, 40–50 years of age, black hair. In the July 20th teletype the second subject was described as a white male, 18–19 years of age, with red hair. They were obviously two different men.

The Thunderbird automobile the defendants were driving was light tan or brown, not black. Use of a Thunderbird or Ford automobile was not attributed to the robbers sought in the teletypes that described a Spanish-looking or Mexican robber. There were two men in the Thunderbird or Ford referred to in the third teletype in addition to the robbers; the occupants of that automobile were described as white males. It is apparent that there

was no basis for tying the alleged team of a white and a Mexican (Spanish-looking) robber to the use of a Thunderbird automobile, let alone a light tan or brown one.

There was probable cause to arrest the defendants for armed robbery only if the police were at liberty to arrest any Mexican between the ages of 17 and 45 and any white man between 18 and 50 in his company. Manifestly, something more substantial is required to establish reasonable grounds for believing that a particular Mexican and white man committed the robberies.

We have considered the defendant's failure to challenge the Federal constitutionality of the proviso to the Michigan Constitution before this appeal. It is apparent from the record that the defendants' lawyers did not think that a challenge would have been successful. In *People* v. *Barker* (1969), 18 Mich App 544, 549 (LEVIN, J., *concurring*), the history of the unsuccessful attempts to challenge the constitutionality of the proviso was reviewed.

In a number of cases the courts have held that a defendant in a criminal case is entitled on direct appeal of his conviction to the benefit of a new rule of law declared after his trial even though he did not preserve the issue by timely raising the question at the trial level. The courts have reasoned that a defendant should not be required to anticipate overrulings or be compelled to make the futile gesture of raising issues to preserve his direct appellate rights in the event of an overruling decision.[3]

In *Bricker* v. *Green* (1946), 313 Mich 218, the Michigan Supreme Court overruled the doctrine that imputed the negligence of a driver to his guest

---

[3] See *People* v. *Shirk* (1970), 383 Mich 180, 192–195; *United States* v. *Manfredonia* (CA 2, 1968), 391 F2d 229, 230; *Wright* v. *United States* (1968), 131 App DC 279 (404 F2d 1256, 1260); *In re Elmore* (1967), 127 App DC 176 (382 F2d 125, 127); *Grosso*

passenger. Shortly thereafter, on the authority of *Bricker,* the Court reversed three other decisions pending on appeal when it was decided. Upon an examination of the records in those cases, it appears that the imputed negligence doctrine was not challenged at the trial level in any of the three cases[4] and that in only one of the cases[5] did the appellant seek overruling of the doctrine in his brief filed with the Supreme Court.

In this direct appeal of their convictions, the defendants were not required to have sought overruling at the trial level in order to preserve their right to the benefit of the decisions holding the proviso unconstitutional.

The defendants' convictions are reversed and they are remanded to the Wayne County sheriff for a new trial at which the seized pistol may not be introduced in evidence.[6]

All concurred.

---

v. *United States* (1968), 390 US 62, 70, 71 (88 S Ct 709, 715, 19 L Ed 2d 906, 913, 914) ; *Hormel* v. *Helvering* (1941), 312 US 552, 557–559 (61 S Ct 719, 721, 722, 85 L Ed 1037, 1041, 1042) ; *Patterson* v. *Alabama* (1935), 294 US 600, 606, 607 (55 S Ct 575, 578, 79 L Ed 1082, 1085, 1086).

[4] *Husted* v. *McIntosh* (1946), 313 Mich 507; *Simmons* v. *Rubin* (1946), 314 Mich 183; *Major* v. *Southwestern Motor Sales, Inc.* (1946), 314 Mich 122.

[5] *Simmons* v. *Rubin, supra.*

[6] We recognize that it is unlikely that the people can prove the charge unless the pistol can be introduced, but we do not wish to preclude that possibility.

Since we are ordering a new trial, we have examined the record in connection with Townsend's claim that insufficient evidence was introduced at the trial to support his conviction even if the seized pistol was admissible. We are convinced, because of other evidence found in the automobile, that the jury could reasonably infer that Townsend and Solano were on a common unlawful enterprise at the time that they were apprehended and that the carrying and use of guns was fairly within the scope of that enterprise and that the defendant Townsend, aware of the fact that the gun was being carried by Solano, is criminally responsible for the concealed carrying of that weapon. See *People* v. *Pearce* (1969), 20 Mich App 289; contrast *People* v. *Petro* (1955), 342 Mich 299.