PEOPLE v. MORTON

1. AUTOMOBILES — POSSESSION OF STOLEN AUTOMOBILE — TITLE —
   FRAUDULENT TRANSFER — INTENT — CONSTITUTIONAL LAW.
   Intent to fraudulently transfer title must be shown to support
   a conviction of possession of a motor vehicle known to be
   stolen, because all parts of the Michigan Vehicle Code must
   be read to be germane only to conduct affecting titles or their
   fraudulent transfer, hence, the proscribed possession of a
   vehicle known to be stolen, unless established along with intent
   to transfer the title, would permit the act to embrace more
   than one object, contrary to the constitution (Const 1963, art
   4, § 24; MCLA § 257.254).

2. STATUTES—CONSTITUTIONAL LAW—GENERAL PURPOSE—TITLE.
   Anything included in a statute which is not germane to the
   general purpose expressed in its title will bring the statute
   within the prohibition of the constitution (Const 1850, art 4,
   § 20; Const 1963, art 4, § 24).

3. AUTOMOBILES—POSSESSION OF STOLEN AUTOMOBILE—STATUTES—
   TITLE.
   That part of the Michigan Vehicle Code which reads "or who
   shall have in his possession any motor vehicle which he knows
   or has reason to believe has been stolen, and who is not an
   officer of the law engaged at that time in the performance
   of his duty as such officer" must either be treated as sur-
   plusage or deemed inconsistent with the intent of the statute
   and deleted from it (MCLA § 257.254).

Appeal from Court of Appeals, Division 1, Fitz-
gerald, P. J., and R. B. Burns and Bronson, JJ.,
affirming Recorder's Court of Detroit, Joseph A.

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 50 Am Jur, Statutes § 190 et seq.

Gillis, J. Submitted June 2, 1970. (Calendar No. 1, Docket No. 52,455.) Decided September 22, 1970.

16 Mich App 160 reversed.

Timothy Morton was convicted of possession of a stolen vehicle and unlawfully driving away a motor vehicle. Defendant appealed to the Court of Appeals. Affirmed. Defendant appeals. Reversed as to the charge of unlawfully driving away a motor vehicle.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief of Appellate Department, and *Thomas R. Lewis,* Assistant Prosecuting Attorney, for the people.

*William R. Stackpoole,* for defendant on appeal.

T. G. KAVANAGH, J. On November 9, 1966, Timothy Morton was convicted in a bench trial on each of two counts of an information which charged him with 1) unlawfully driving away the automobile of another—violating MCLA § 750.413 (Stat Ann 1954 Rev § 28.645) and 2) possession of a motor vehicle known to be stolen—proscribed by MCLA § 257.254 (Stat Ann 1968 Rev § 9.1954).

He does not appeal his conviction on the first count of unlawfully driving away the automobile of another, but does maintain that his conviction and sentence on the second count—is invalid and should be set aside.

Defendant claims that the "possession" of the stolen vehicle established in the record will not support a conviction under MCLA § 257.254 (Stat Ann 1968 Rev § 9.1954) for the "possession" proscribed therein must be shown with some intent to fraudulently transfer title.

It is his contention that in view of its original title—"The Motor Vehicle Title Act", and its stated purpose—"to protect the title of motor vehicles"[1]—all parts of the act must be read to be germane only to conduct affecting titles or their fraudulent transfer.

Hence the proscribed possession of a vehicle known to be stolen, he argues, unless established along with intent to transfer the title, would permit the act to embrace more than one object, contrary to Const 1963, art 4, § 24.

The prosecutor answers by saying that conviction under this statute does not require proof of intent to transfer title but only possession with knowledge the vehicle was stolen, and hence the conviction was valid.

We agree with the defendant, for we cannot read the statute so broadly as the prosecutor suggests.

Unless the possession be coupled with intent to fraudulently transfer title or participate in such transfer, its proscription in the Michigan vehicle code would be inconsistent with the present title of that act. For the code is concerned with the "registration, titling, sale and transfer" of vehicles, and penalizing possession unrelated to those considerations would be beyond the scope of the act. The statute then would indeed be afflicted with the infirmity appellant suggests—it would embrace more than one object.

This Court has observed: "It is well settled that anything included in a statute which is not germane

---

[1] This phraseology appears in the former act, being PA 1921, No 46 (see the title preceding CL 1948, § 256.101 in which the quoted phrase is stated. This stated purpose implicitly carried over into the title of PA 1949, No 300, in § 923 [MCLA § 257.923; Stat Ann 1968 Rev § 9.2623]) and, as far as this case is concerned, was not expanded.

to the general purpose expressed in its title will bring the statute within the prohibition of the Constitution." *Fornia* v. *Wayne Circuit Judge* (1905), 140 Mich 631.[2]

Such reading as the prosecutor suggests would also permit the incongruous conclusion that anyone "who is not an officer of the law engaged at that time in the performance of his duty as such officer"[3] who retrieved an automobile from a thief for the purpose of returning it to its rightful owner could be prosecuted and convicted under this statute. He would indeed have possession of a vehicle known to be stolen.

We conclude that that part of the Michigan Vehicle Code which reads: "or who shall have in his possession any motor vehicle which he knows or has reason to believe has been stolen, and who is not an officer of the law engaged at that time in the performance of his duty as such officer" must either be treated as surplusage or deemed inconsistent with the intent of the statute and deleted from it.

Defendant's conviction for violating MCLA § 257-.254 (Stat Ann 1968 Rev § 9.1954) is reversed.

T. E. BRENNAN, C. J., and DETHMERS, KELLY, T. M. KAVANAGH, and ADAMS, JJ., concurred with T. G. KAVANAGH, J.

BLACK, J. did not sit in this case.

---

[2] *Fornia* involved a statute there held not to so offend art 4, § 20 of the 1850 Constitution in this respect identical with Const 1963, art 4 § 24.

[3] MCLA § 257.254 (Stat Ann 1968 Rev § 9.1954).