112 N.J. Super. 425 (1970)
271 A.2d 605
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
STEWART P. STRICKLAND, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 22, 1970.
Decided December 4, 1970.
*426 Before Judges LEWIS, MATTHEWS and MINTZ.
Mr. Gerald J. Oratio, assigned counsel, argued the cause for appellant.
Mr. Richard A. Fiore, Assistant Prosecutor, argued the cause for respondent (Mr. Robert Dilts, Bergen County Prosecutor, attorney).
The opinion of the court was delivered by LEWIS, P.J.A.D.
Defendant appeals from a judgment of conviction for obtaining money under false pretenses in violation of N.J.S.A. 2A:111-1, contending that (1) the total sentence imposed was illegal and excessive, and (2) the charges against him which were dismissed at the time of sentencing cannot be reopened on a remand of the instant case for resentencing.
*427 This last point is speculative. We pass it summarily; it is not ripe for consideration at this time. We turn to defendant's objections to the propriety of the indictment and the sentences imposed.
Prior to February 5, 1969 defendant pleaded not guilty to an indictment of eight separate counts for issuing worthless checks, one in an amount less than $200 and the others ranging upwards to $2800. On February 5 he retracted his former plea and pleaded guilty to the eight counts. On February 21, 1969 he pleaded guilty to two additional accusations for similar offenses involving worthless checks in the amount of $789.60 and $274 respectively. His guilty pleas were accepted by the court.
Defendant was sentenced on February 28 as follows: on each of the counts of the indictment, one to two years in State Prison, the sentences on counts one through four to be served consecutively and those on counts five through eight to be served concurrently with the sentences imposed on counts one through four. As to the accusations, he was sentenced to one to two years in State Prison, to be served concurrently with the foregoing sentences. On the same day, one additional accusation and two complaints of issuing worthless checks were dismissed.
In April defendant again pleaded guilty to two similar accusations involving the issuance of worthless checks in amounts less than $200 each. He was sentenced thereon to not less than one nor more than two years in State Prison, to be served concurrently with the sentences previously imposed. Eight further accusations against him for the issuance of worthless checks were dismissed on May 9.
In summary, defendant received a total of four to eight years in State Prison for having issued 12 separate worthless checks totalling $10,751.35, three of which were in amounts less than $200 each. Eleven additional charges for obtaining money under false pretenses were dismissed.
It is here argued that as to the nine checks over $200 each, defendant should have been sentenced under *428 N.J.S.A. 2A:111-15 and not under N.J.S.A. 2A:111-1. We agree. State v. Morse, 109 N.J. Super. 160 (App Div. 1970); cf. State v. Bott, 53 N.J. 391 (1969).
In Morse we pointed out distinctions between N.J.S.A. 2A:111-1 (the omnibus statute proscribing the obtaining of money or property by false pretenses) and N.J.S.A. 2A:111-15 (which specifically embraces the issuance of worthless checks in the amount of $200 or more), noting that the penalty for a violation of the former is a maximum of three years in prison or a fine of $1,000, or both, while under the latter statute the punishment is a fine of not more than $1,000 or imprisonment for not more than one year, or both.
These statutes are not entirely overlapping, inasmuch as it is possible that a person may be guilty of one and not of the other, but a comparison of the elements of the respective crimes demonstrates that in the instant case, where defendant pleaded guilty to N.J.S.A. 2A:111-1, he must necessarily be guilty of violating N.J.S.A. 2A:111-15.
The factual differences between Morse and the case at bar are immaterial. We are concerned here only with the proper sentencing of defendant and hold that, in the circumstances, the legal principles in Morse control. We there observed:
* * * In situations where two criminal statutes prohibit the same act, we adhere to the inveterate principle that statutes must be read in a manner most favorable to the accused. 3 Sutherland, Statutory Construction (3d ed. 1943), § 5604, p. 49; Bell v. United States, 349 U.S. 81, 83, 75 S.Ct. 620, 99 L.Ed. 905 (1955); State v. Brillo Mfg. Co., 63 N.J. Super. 287, 295 (App. Div. 1960). Moreover, it has been held that any conflict between a general and a specific statute covering a subject in a more minute and definitive way should be resolved by considering the latter as prevailing over the former as an exception to it. Clifford F. MacEvoy Co. v. United States, etc. 322 U.S. 102, 107, 64 S.Ct. 890, 88 L.Ed. 1163 (1944); United States v. Tiplitz, 105 F. Supp. 512, 513-514 (D.N.J. 1952), appeal dismissed 202 F.2d 60 (3 Cir.1953); State by State Highway Com'r v. Dilley, 48 N.J. 383, 387 (1967); State v. Hotel Bar Foods, Inc., 18 N.J. 115, 128 (1955); Ackley v. Norcross, 122 N.J.L. *429 569, 572 (Sup. Ct. 1939), aff'd o.b. 124 N.J.L. 133 (E. & A. 1940). [at 164-165]
Additionally, it is evident from the record that defendant's appeal was pending at the time Morse was decided. Thus, we should apply that the recognized concept of law that where a case is on direct review, defendant should be given the benefit of any changes in the case law which have occurred between the time of trial and the date of the appellate argument. See e.g., Linkletter v. Walker, 381 U.S. 618, 627, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965), and State v. Murphy, 85 N.J. Super. 391 (App. Div. 1964), aff'd 45 N.J. 36 (1965).
Accordingly, the judgment of conviction is not disturbed but the matter is remanded for resentencing under N.J.S.A. 2A:111-15 consistent with the rationale of this and the Morse opinions.