PEOPLE *v.* NICHOLS

Original Opinion

1. Criminal Law — Evidence — Other Crimes — Admissibility — Motive — Intent.

Evidence of the commission of other crimes is admissible to show knowledge or intent when they are elements of the offense charged (MCLA § 768.27).

2. Criminal Law—Evidence—Inferences—Multiple Inferences.

A jury may draw more than one inference from the same evidence if the inferences drawn are reasonable; the essential issue is whether the multiple inferences are reasonable, not whether arguably one inference is based on another.

3. Criminal Law—Possessing a Stolen Vehicle—Evidence—Inferences

Inference that the defendants were in possession of a stolen automobile, knowing the car to be stolen or having reason to believe the car had been stolen, was reasonable where there was evidence that one of the defendants was seated in the stolen automobile and that the other defendant was standing near the car, parked in a deserted side street in a non-residential area late at night, that a truck, with a window forced and "hot wired", was 60 feet from the car, that similar scraps of insulation were found on the wire used to hot-wire the truck and

References for Points in Headnotes

[1] 29 Am Jur 2d, Evidence §§ 323, 324.
[2] 29 Am Jur 2d, Evidence § 166.
[3, 4] 7 Am Jur 2d, Automobiles and Highway Traffic § 341.
     29 Am Jur 2d, Evidence § 229.
     30 Am Jur 2d, Evidence § 1129.
[5, 8] 5 Am Jur 2d, Appeal and Error § 545.
[6] 29 Am Jur 2d, Evidence § 320.
[7] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 303, 308.
[9] 5 Am Jur 2d, Appeal and Error § 545.
     7 Am Jur 2d, Automobiles and Highway Traffic §§ 303, 308, 321, 340.

in the automobile, that the defendants had been at the scene for a considerable time, and that several flashlights with their ends taped to provide narrow beams were found near the car (MCLA § 257.254).

4. CRIMINAL LAW—POSSESSING A STOLEN VEHICLE—NON-INNOCENT POSSESSION—EVIDENCE—OTHER CRIMES.

Evidence that one of the defendants was seated in a stolen car, parked in a deserted side street in a nonresidential area late at night, and that the other defendant was standing near the car, that a truck, parked 60 feet from the car, had had a window forced and had been hot-wired, that scraps of insulation similar to the insulation used to cover the wire used in hot-wiring the truck were found in the stolen car, that defendants had been at the scene a considerable time, and that flashlights, taped so as to give narrow beams, were found near the car was admissible in defendants' trial for possessing a motor vehicle knowing or having reason to believe that it had been stolen, because an element of · the crime charged is that the possession was not innocent and there was unity of time, place, and nature between the crime charged and the attempted theft of the truck (MCLA § 257.254).

5. CRIMINAL LAW—EVIDENCE—APPEAL AND ERROR—PRESERVING QUESTIONS.

Policeman's testimony that a gasoline credit card, found in the police car used to transport the defendants to the police station after their arrest, had a name on it other than the names of the defendants, charged with possessing a stolen automobile, knowing it to be stolen or having reason to believe the car had been stolen, did not constitute reversible error where the prosecutor dropped the line of questioning when defense counsel objected, the defense had been forewarned at the preliminary examination of the prosecutor's intended line of questioning and, thus, defense counsel could have objected before the question was asked, the defendants did not ask that the evidence be stricken nor request a cautionary instruction to the jury, and where, after the prosecutor, in summation, mentioned that the credit card had a name different from the defendants on it, defense counsel did not object.

6. CRIMINAL LAW—OTHER CRIMINAL ACTS—EVIDENCE.

Prosecutor's asking the defendant questions concerning the defendant's commission of other crimes for which defendant was not convicted was not reversible error where defendant's trial was prior to the decision holding such questions reversible

error, the prosecutor was not trying to place before the jury evidence he knew was inadmissible or facts he was not prepared to prove, there was a factual basis for the questions, and where when defendants objected, the court directed the prosecutor to confine his questions to possible convictions.

## ON REHEARING

7. CRIMINAL LAW—AUTOMOBILES—STOLEN AUTOMOBILES—POSSESSION—INTENT—STATUTES.

The section of the Michigan Vehicle Code punishing possession of a stolen automobile is restricted to situations where possession is coupled with intent to fraudulently transfer title (MCLA § 257.25).

8. CRIMINAL LAW—APPEAL AND ERROR—RULE OF LAW—PRESERVING QUESTION.

A defendant in a criminal case is entitled on direct appeal of his conviction to the benefit of a new rule of law declared after his trial even though he did not preserve the issue by timely raising the question at the trial level.

9. CRIMINAL LAW—APPEAL AND ERROR—STOLEN AUTOMOBILES—POSSESSION—INTENT—EVIDENCE—SUFFICIENCY.

Defendants convicted of possession of a stolen automobile are entitled to the benefit of a decision of the Michigan Supreme Court, announced after their trial, that the possession must be coupled with intent to transfer title fraudulently, even though they did not raise the issue in the trial court; hence, where the people concede that there was no attempt or intent to pass title, they are entitled to reversal of conviction and discharge on appeal (MCLA § 257.254).

Appeal from Oakland, Clark J. Adams, J. Submitted Division 2 October 7, 1970, at Lansing. (Docket No. 8066.) Decided April 26, 1971. Opinion on rehearing released August 23, 1971.

George W. Nichols and Barry Lee Scott were convicted of possessing a stolen motor vehicle. Defendants appeal. Reversed on rehearing.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Thomas G. Plunkett,*

Prosecuting Attorney, and *Frank R. Knox,* Assistant Prosecuting Attorney, for the people.

*James D. O'Connell,* for defendants on appeal.

Before: Levin, P. J., and T. M. Burns, and J. E. Hughes,* JJ.

Original Opinion; see Opinion on Rehearing immediately following

Levin, P. J.  The defendants George Nichols and Barry Lee Scott were convicted of possessing a motor vehicle knowing or having reason to believe that it had been stolen, MCLA § 257.254 (Stat Ann 1968 Rev § 9.1954).

When they were first seen by the police, one of the defendants was seated behind the wheel of the stolen automobile and the other was standing beside it.  It was late at night and the automobile was parked on a deserted side street in a nonresidential area.

The disputed issue was whether the defendants knew or had reason to know that the automobile was stolen.  At the trial the defendants claimed that an acquaintance named Cook had entrusted the automobile to them and that Cook then left to round up some girls who had promised to rendezvous with the defendants, Cook, and others at the place where the automobile was parked.

The principal assignment of error relates to the admission of evidence concerning a truck which was parked some 60 feet from the automobile.  The arresting officer testified that his attention was called to the truck because one door was slightly open.  On

---

* Circuit judge, sitting on the Court of Appeals by assignment.

closer inspection he found that a window had been forced and the engine had been "hot wired". Scraps of insulation similar to that covering the wire used to hot wire the truck were found on the floor of the stolen automobile.

While evidence of the commission of other crimes may not be introduced to show disposition toward criminal conduct (*People* v. *Locke* [1936], 275 Mich 333) such evidence is admissible to show knowledge or intent when they are elements of the offense charged, MCLA § 768.27 (Stat Ann 1954 Rev § 28.1050). *People* v. *Clarkson* (1885), 56 Mich 164; *People* v. *Giddings* (1910), 159 Mich 523, 525; *People* v. *Di Pietro* (1921), 214 Mich 507, 511; *People* v. *McLean* (1925), 230 Mich 423, 425, 426; *People* v. *Matthews* (1939), 289 Mich 440, 449, 450.

We have previously ruled that a jury may draw more than one inference from the same evidence. The question is whether the multiple inferences are reasonable, not whether arguably one inference is based on another. *People* v. *Helcher* (1968), 14 Mich App 386, 390; *People* v. *Eaves* (1966), 4 Mich App 457. Both the inference that defendants were attempting to steal the truck and the inference that they were in knowing possession of a stolen automobile were reasonable inferences from the evidence in this case. In addition to the evidence of the scraps of insulation and the defendants' presence on a deserted nonresidential side street late at night, there was the testimony of a policeman which indicated that the defendants had been at the scene for a considerable period of time. Several flashlights with their ends taped to provide narrow beams were found on the front seat of the automobile and a similar flashlight was found on the ground near it. Each of the items of circumstantial evidence had only limited probative value. But in combination

there was a sufficient basis for the inferences to which the defendants object.

In this case the people were required to show that the defendants knew or had reason to know that the automobile was stolen. The evidence of the attempted theft of the truck was admissible to show that the defendants' possession of the stolen automobile was not innocent. There is unity of time, place, and nature between the charged offense and the evidence of additional criminal activity and, therefore, no troubling question arises concerning the relevance of the one to the other.

The second assignment of error concerns a credit card and a gas receipt found in the rear of the police cruiser in which the defendants were transported to the station house after their arrest. The evidence of the credit card and gas receipt was received without objection. Only when an officer testified that the name on the credit card was not that of either defendant did the defendant's attorney object. The prosecutor then dropped this line of questioning. The defense was forewarned by evidence adduced at the preliminary examination of the direction of the prosecutor's questions concerning the credit card and gas receipt; the defendants' attorney could have made his objection before it was brought out that the credit card did not belong to either defendant. Additionally, we note that the defendants' attorney did not ask that the evidence be stricken or request a cautionary instruction. In his summation the prosecutor stated without objection that the name on the credit card was "Isen-something." (At the preliminary examination the name was given as "Eisen-stedt".) The issues are not of sufficient importance to warrant a new trial absent timely and proper preservation for appeal.

Nor do we find merit in the defendants' remaining assignment of error. This case was tried before our decision in *People* v. *Brocato* (1969), 17 Mich App 277, was announced. With that in mind and in the light of the people's right in this case to prove other offenses involving like conduct to show guilty knowledge, we have concluded that neither defendant is entitled to a new trial because of the question put to one of the defendants inquiring whether he had been involved in the commsision of other stolen vehicle crimes.

There was a factual basis for the question. The prosecutor was not, in this pre-*Brocato* case, seeking by innuendo to place before the jury evidence that he knew was inadmissible or facts that he was not prepared to prove. When the defendants' attorney objected to the prosecutor's line of inquiry the judge directed the prosecutor to confine his questions to possible convictions.

Affirmed.

All concurred.

## ON REHEARING

LEVIN, P. J.   Shortly after our decision was announced in this case our attention was directed by the State Appellate Defenders' Office to the opinion of the Supreme Court of Michigan in *People* v. *Morton* (1970), 384 Mich 38. There the Supreme Court ruled that the statute under which defendants Nichols and Scott were convicted was restricted to situations where possession of the stolen automobile is coupled "with intent to fraudulently transfer title" and that the portion of the statute prohibiting possession of a motor vehicle knowing or having reason to know it has been stolen "must either be treated as surplusage or deemed inconsistent with the intent of the statute and deleted from it".

We ordered a rehearing (see *People* v. *Smith* [1932], 260 Mich 486) and asked the prosecutor to file a brief addressed to the question of whether the defendants' convictions should be reversed in light of the Supreme Court's ruling in *Morton*.

In the prosecutor's responsive brief he concedes that in this case "there was no attempt or intent to pass title". There was, thus, insufficient evidence to convict the defendants of violating the statute under which they were convicted. The prosecutor, nevertheless, contends that the defendants' convictions should not be reversed. He contends that the Supreme Court placed a new construction on the statute which should not apply to cases already decided, even those still pending on appeal.[1]

In *People* v. *Townsend* (1970), 25 Mich App 357, 361, 362—a case pending on appeal when a new rule of law was announced—we held that the defendants were not required to have challenged the Federal Constitutionality of the proviso to the Michigan Constitution (excepting narcotics and certain dangerous weapons seized outside the curtilage of a dwelling from the exclusionary rule making illegally-seized evidence inadmissible at trial) in order to preserve their right to the benefit of decisions announced after their trial holding the proviso unconstitutional.[2] We observed:

"In a number of cases the courts have held that a defendant in a criminal case is entitled on direct appeal of his conviction to the benefit of a new rule of law declared after his trial even though he did not preserve the issue by timely raising the question at

[1] Our order was entered within the twenty-day period within which an application for rehearing can be filed.

[2] Compare *People* v. *Hampton* (1971), 384 Mich 669, where the Michigan Supreme Court dealt with the retroactivity/prospectivity question in a case where the issue had been properly preserved at the trial level.

the trial level.   The courts have reasoned that a defendant should not be required to anticipate over-rulings or be compelled to make the futile gesture of raising issues to preserve his direct appellate rights in the event of an overruling decision.

"In *Bricker* v. *Green* (1946), 313 Mich 218, the Michigan Supreme Court overruled the doctrine that imputed the negligence of a driver to his guest passenger.   Shortly thereafter, on the authority of *Bricker,* the Court reversed three other decisions pending on appeal when it was decided.   Upon an examination of the records in those cases, it appears that the imputed negligence doctrine was not chal-lenged at the trial level in any of the three cases and that in only one of the cases did the appellant seek overruling of the doctrine in his brief filed with the Supreme Court."

In *People* v. *Mutch* (1971), 4 Cal 3d 389, 395, 396 (93 Cal Rptr 721, 482 P2d 633), the Supreme Court of California ruled that a prisoner whose conviction had become final was entitled to be discharged in post-conviction proceedings where it appeared that the evidence was insufficient to convict him under a new construction of a kidnapping statute enunciated in a decision of the Court filed after his conviction had become final.   The Court observed that, in contrast with the kinds of cases where the retroactivity/prospectivity question had so often recently been considered by the United States Su-preme Court, its decision construing a California kidnapping statute did not change any "evidentiary or procedural rules, less still penalize improper police practices; instead, it confirmed a substantive definition of crime duly promulgated by the Legis-lature".   The Court reasoned that since the conduct of which the defendant had been convicted was never proscribed by the statute under which he had been

convicted, "finality for purpose of appeal is no bar to relief".

In *Watts* v. *United States* (1969), 394 US 705 (89 S Ct 1399, 22 L Ed 2d 664), the Supreme Court of the United States for the first time construed the statute making it an offense knowingly and willfully to threaten the life of the President of the United States; in reversing Watts' conviction, the court distinguished between political hyperbole and a true threat. Subsequently, the United States Court of Appeals for the District of Columbia in *Alexander* v. *United States* (1969), 135 App DC 367 (418 F2d 1203, 1205, 1206), reversed Alexander's conviction because the jury instructions in Alexander's case were not in conformity with the new construction placed on the statute by the United States Supreme Court. In holding that the changed construction of the statute required a new trial even though there has been no objection at the trial level to the instructions as given, the Court of Appeals declared:

"True it is that in the absence of objection before the jury retires to deliberate, we normally do not notice errors in the charge. But in resolving appeals we are 'bound to consider any change, either in fact or in law, which has supervened since judgment was entered.' Where the trial court has followed case law then but no longer prevailing, 'our disposition is uninhibited by the requirement that issues proffered on appeal must normally be raised and decided initially in the trial court.' "

Similarly see *State* v. *Strickland* (1970), 112 NJ Super 425 (271 A2d 605)[3] and *Hays* v. *State* (1965), 240 Md 482 (214 A2d 573)[4].

---

[3] In *Strickland,* the defendant was sentenced to state prison for issuing worthless checks, three of which were in amounts less than $200 and nine of which were for $200 or more. After the defendant was sentenced, a New Jersey appellate court ruled that, as to the nine

We are convinced that the defendants, Nichols and Scott, are entitled to the benefit of the Michigan Supreme Court's construction in *Morton* of the statute under which they were convicted. Since the people concede that the evidence is insufficient to support a conviction under the statute as there construed, their convictions must be reversed and they must be discharged.

Reversed.

All concurred.

---

checks over $200 each, the defendant could not be convicted under an omnibus statute prohibiting the obtaining of property or money by false pretenses and only could be convicted of the offense of issuing worthless checks in the amount of $200 or more on the principle that where there is a general statute and a specific statute covering a subject in a more minute and definitive way, the conflict should be resolved by considering the specific statute as prevailing over the general as an exception to it. The New Jersey court held that since the defendant's appeal was pending at the time that the new construction was placed upon the omnibus statute he was entitled to the benefit of the new construction on the principle that "where a case is on direct review, defendant should be given the benefit of any changes in the case law which have occurred between the time of trial and the date of the appellate argument".

[4] In *Hays*, after the defendant was convicted and while his case was pending on appeal, the state's highest court overruled the doctrine prohibiting persons who did not profess a belief in the existence of God from serving on a jury. Although the defendant had not preserved the issue at the trial level, the Court said "that if a change in the law after conviction but before final judgment, including the final judgment of the highest court empowered to reverse the conviction, requires reversal of the judgment, the judgment will be reversed, because the decision must accord with the law as it is at the time of final judgment".

Additionally, see *Bell* v. *Maryland* (1964), 378 US 226 (84 S Ct 1814, 12 L Ed 2d 822) (repeal of a statute); *Lohman* v. *United States* (CA 6 1958), 251 F2d 951 (the denial of a motion for production of a document was reversible error in the light of the United States Supreme Court's ruling, after the trial but before the appeal was decided, in *Jencks* v. *United States* [1957], 353 US 657 [77 S Ct 1007, 1 L Ed 2d 1103]); *People* v. *Nowicki* (1971), 384 Mich 482, reversing *People* v. *Nowicki* (1969), 17 Mich App 525, on the authority of *People* v. *Johns* (1971), 384 Mich 325, even though the issue decided in *Johns* had not been preserved in *Nowicki* at the trial level or raised on appeal before our Court.