112 N.J. Super. 476 (1970)
271 A.2d 724
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
OTTO S. GULLO, SR., AND GEORGE L. STEEVER, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued September 15, 1970.
Decided December 4, 1970.
Before Judges LEWIS, MATTHEWS and MINTZ.
Mr. Joseph Narrow argued the cause for appellants (Messrs. Narrow & Evans, attorneys).
*477 Mr. Willard Bernstein, Assistant Prosecutor, argued the cause for respondent (Mr. Gerard J. Di Nicola, Salem County Prosecutor, attorney).
PER CURIAM.
Defendants Otto Gullo and George Steever were convicted on three indictments charging them with obtaining money by false pretenses in violation of N.J.S.A. 2A:111-1. They were sentenced to State Prison; Gullo for a term of two to three years and Steever for a term of one to three years.
The offenses involved a fraudulent scheme and, incident thereto, the cashing of three checks totalling $2350. The checks were issued in February 1968 by Gullo to Steever and were drawn on the Girard Trust Company of Philadelphia where Gullo had an account which was closed in November 1967. Upon cashing the first check of $650 at the City National Bank and Trust Company of Salem, Steever opened an account, depositing $100 of the proceeds and retaining the balance. Two subsequent checks were similarly cashed and, in each instance, a relatively small deposit was made to the account.
Steever testified that he gave the cash proceeds of the checks to Gullo. Although Gullo did not take the witness stand, State Trooper Daniel La Ferriere testified as to the versions of the events as related to him by Steever and Gullo. According to the trooper's testimony, Gullo denied conspiring with anyone and said he had given the checks to Steever as promissory notes and that he had made arrangements to make all of the checks good.
On appeal defendants argue that (1) the trial court erred in not granting their motions for judgments of acquittal at the close of the State's case, (2) the failure of the trial court to instruct the jury that the respective oral statements were not evidential against the other defendant was plain error, (3) the instruction to the jury on the issue of voluntariness constituted plain error, and (4) defendant Gullo was prejudiced by not being permitted to call an attorney *478 from his home when he was first arrested. We find no substance to any of these contentions.
The State's evidence, when given the benefit of all the testimony and the favorable inferences which could reasonably be drawn therefrom, was sufficient to support the guilt of both defendants beyond a reasonable doubt. See State v. Reyes, 50 N.J. 454, 458-459 (1967). The jury had the benefit of all the testimony, including the inconsistencies in the testimony of the bank's clerk, and it could fairly conclude that, at least on one occasion, Gullo accompanied Steever to the bank in his car.
When Steever testified, he reiterated the statements he had given to Trooper La Ferriere and was subjected to cross-examination by his codefendant. Accordingly, Gullo was not deprived of his Sixth Amendment right of confrontation. State v. Gardner, 54 N.J. 37, 44-45 (1969). The test of plain error has not been satisfied.
While there is some confusing language in a limited portion of the charge to the jury on the issue of voluntariness, when the instructions on this phase of the case are read in their entirety, it appears that the explanation of voluntariness was reasonably complete, fair and understandable.
The argument that Gullo could not call a lawyer from his home is of no moment for the reason that he made no statement to the police at that time.
Although not cited in the briefs, State v. Morse, 109 N.J. Super. 160 (App. Div. 1970) was raised at oral argument and counsel were afforded an opportunity to supplement their briefs in respect to its applicability. The facts in Morse are plainly distinguishable and our decision in that case does not militate against an affirmance of the judgments under review. Here, there is ample evidence of greater fraudulent involvement than the mere cashing of worthless checks within the meaning of N.J.S.A. 2A:111-15.
The judgments of conviction are affirmed.