PEOPLE *v.* KIRTLEY

1. Criminal Law—Automobiles—Possession of Stolen Automobile—Elements—Intent to Transfer Title.
   A fraudulent intent to transfer title is constitutionally necessary to sustain a conviction of possession of a stolen motor vehicle under the Motor Vehicle Title Act (MCLA § 257.254).

2. Criminal Law—Automobiles—Possession of Stolen Automobile—Intent to Transfer Title—Retroactive Decision.
   Decision of the Michigan Supreme Court that a conviction of possession of a stolen motor vehicle under the Motor Vehicle Title Act requires a fraudulent intent to transfer title applies to a case pending decision in the Court of Appeals at the time the Supreme Court released its opinion, even though the Supreme Court had not indicated if its decision was to have retroactive effect (MCLA § 257.254).

Appeal from Recorder's Court of Detroit, Thomas L. Poindexter, J. Submitted Division 1 November 4, 1970, at Detroit. (Docket No. 9017.) Decided March 31, 1971.

Winston Kirtley was convicted of possession of a stolen motor vehicle. Defendant appeals. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Gerard A. Poehl-*

References for Points in Headnotes
[1] 7 Am Jur 2d, Automobiles and Highway Traffic § 340.
[2] 20 Am Jur 2d, Courts § 233 *et seq.*

*man,* Assistant Prosecuting Attorney, for the people.

*Robert F. Mitchell, Jr.,* and *Thomas J. Olejnik,* for defendant on appeal.

Before: LESINSKI, C. J., and J. H. GILLIS and BEASLEY,* JJ.

PER CURIAM. Defendant Winston Kirtley was tried by a judge sitting without a jury and convicted of possession of a stolen motor vehicle in violation of MCLA § 257.254 (Stat Ann 1968 Rev § 9.1954), which is part of the Motor Vehicle Title Act.

After the filing of briefs in this case, the Supreme Court released its opinion in *People* v. *Morton* (1970), 384 Mich 38, declaring that a charge of possession of a stolen vehicle brought under MCLA § 257.254, *supra,* unless coupled with a fraudulent intent to transfer title thereto, is not constitutionally permissible. Since this case involves a charge of possession of a stolen motor vehicle not germane to a fraudulent title transfer, the *Morton* rule, if applicable to this defendant, would require that the conviction be set aside.

The opinion in *Morton, supra,* does not indicate whether the decision there announced was to have retroactive application. The fact that this appeal was pending decision by this Court at the time *Morton* was released impels the conclusion that it be followed here.

The decision of the trial court is reversed without a new trial.

---

* Circuit judge, sitting on the Court of Appeals by assignment.