PEOPLE v ROSS

Docket No. 163357. Submitted January 19, 1994, at Detroit. Decided March 22, 1994, at 9:00 A.M.

Robert E. Ross was convicted in the Recorder's Court for the City of Detroit, Cynthia D. Stephens, J., of possession of a stolen vehicle with intent to pass false title and was sentenced to three to ten years' imprisonment. The defendant filed a motion for a new trial, which was heard and granted by a successor judge, Marvin R. Stempien, J. The prosecution appealed by leave granted.

The Court of Appeals *held:*

The statute under which the defendant was convicted, MCL 257.254; MSA 9.1954, prohibits two separate types of conduct. The first part prohibits the making of false statements in applying for or signing a certificate of title for a motor vehicle. The second part makes it illegal for a person in possession of a vehicle that the person knows to be stolen to transfer possession of the vehicle with the intent to pass title to the vehicle as well. The passing of "title" referred to in the second part of the statute does not mean passing a "certificate of title" as Judge Stempien determined, but, rather, the passing of the intangible right of ownership known as "title," as Judge Stephens determined. Judge Stempien erred in holding that "title" as used in § 254 refers to "certificate of title."

Defendant's conviction affirmed.

CRIMINAL LAW — AUTOMOBILES — INTENT TO PASS FALSE TITLE — WORDS AND PHRASES — "TITLE."

The term "title" in the statute that makes it illegal for a person who knowingly possesses a stolen vehicle to transfer possession of the vehicle with the intent to pass title to the vehicle as well means the passing of the intangible right of ownership generally known as "title" and not the "certificate of title" (MCL 257.254; MSA 9.1954).

*Frank J. Kelley,* Attorney General, *Thomas L.*

REFERENCES

Am Jur 2d, Automobiles and Highway Traffic §§ 348, 352, 353, 357, 366.

See ALR Index under Automobiles and Highway Traffic; Receiving and Transporting Stolen Property.

*Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Rita H. Lewis,* Assistant Prosecuting Attorney, for the people.

*Gabi D. Silver,* for the defendant.

Before: JANSEN, P.J., and McDONALD and G. M. HOCKING,* JJ.

PER CURIAM. The prosecution appeals by leave granted from a December 2, 1992, opinion and order granting defendant a new trial. We reverse.

Following a bench trial, defendant was convicted as charged of possession of a stolen vehicle with intent to pass false title, MCL 257.254; MSA 9.1954, and sentenced to three to ten years' imprisonment. Defendant filed a motion for a new trial, claiming his conviction was against the great weight of the evidence because the prosecution allegedly failed to present evidence regarding one of the elements of the offense. The motion, heard by a successor judge, was granted.

The statute under which defendant was convicted provides, in relevant part:

> Any person who shall knowingly make any false statement of a material fact, either in his or her application for the certificate of title required by this act, or in any assignment of that title, or who, with intent to procure or pass title to a motor vehicle which he or she knows or has reason to believe has been stolen, shall receive or transfer possession of the same from or to another . . . is guilty of a felony.

This language prohibits two separate types of conduct. *People v Harbour,* 76 Mich App 552; 257

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

NW2d 165 (1977).[1] The first part of the quoted language of the statute prohibits the making of false statements in applying for or signing a certificate of title for a motor vehicle. The second part, and the part applicable to this case, makes it illegal for a person in possession of a vehicle that the person knows to be stolen to transfer possession of the vehicle with the intent to pass title to the vehicle as well. The question raised by defendant in his motion for a new trial and to be determined on appeal is whether passing "title" in the second part of the statute means passing a "certificate of title" or passing the intangible right of ownership generally known as "title." The successor judge concluded the passing of "title" in the statute refers to the passing of the "certificate of title." We conclude, as did the original trial judge, that the second part of the statute encompasses the passing of the right of ownership.

In *Harbour, supra,* the defendant was convicted under the statute at issue in this case. Several issues were raised on appeal. In discussing the second part of the statute, this Court expressly stated "title" does not mean "certificate of title," noting that the statute itself and other sections of the Vehicle Code utilize the phrase "certificate of title" where it appears the Legislature intended to identify that particular document. This Court stated:

> "Title" therefore refers to intangible ownership. One generally transfers "possession" of physical objects, not intangible concepts. Since the purpose of the act is to prevent traffic in stolen vehicles, it is doubtful that the Legislature intended to proscribe transfer of possession of title without regard

[1] The third part of the statute, not at issue and not quoted in this case, was deemed superfluous or invalid in *People v Morton,* 384 Mich 38; 179 NW2d 379 (1970).

for whether possession of the stolen vehicle was also transferred. [*Id.* at 559.]

Moreover, MCL 257.257; MSA 9.1957 specifically prohibits the alteration or falsifying of any "certificate of title, registration certificate, or registration . . . ." If we accept defendant's definition of "title" as meaning "certificate of title," every violation of MCL 257.254; MSA 9.1954 would also result in a violation of § 257. A thief attempting to transfer a stolen car and a certificate of title would necessarily be using an altered or forged certificate of title. We believe the second part of MCL 257.254; MSA 9.1954 is intended to cover situations such as the instant one wherein a defendant trafficks in stolen vehicles without getting involved with the formalities of a certificate of title. We therefore conclude the successor judge erred in holding "title" as used in § 254 refers to "certificate of title."

Defendant's conviction is affirmed.