*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

PAUL EDWARD GOODPASTER,

        Defendant-Appellant.

UNPUBLISHED
January 2, 2020

No. 342082
Macomb Circuit Court
LC No. 2016-004537-FH

Before: K. F. KELLY, P.J., and TUKEL and REDFORD, JJ.

PER CURIAM.

Defendant, Paul Edward Goodpaster, appeals as of right his conviction of making a false statement in an application for certificate of title, MCL 257.254. We affirm defendant's conviction.

## I. BACKGROUND

In this case defendant was charged with providing a false statement regarding a material fact in his application for certificate of title for a 1988 Pontiac Fiero during September 2015. The Fiero in question belonged to Andre Gelle. On September 14, 2015, defendant contacted Gelle to remove from Gelle's property in Macomb County the Fiero and other vehicles. Gelle testified that he did not agree to sell the vehicle to defendant and did not receive payment from defendant for the vehicle. As a part of defendant's application for certificate of title to the Pontiac Fiero, on September 17, 2015, defendant submitted an ownership verification form to the Michigan Secretary of State at the Livonia office and certified that he purchased the vehicle from Andre Gelle for $1,400. Additionally, during an interview with the investigating officer, Clinton Township Police Department Detective Thomas Hill, defendant told Detective Hill that he purchased the vehicle for $1,200, rather than $1,400.

Before the jury trial, the prosecution moved to admit evidence of defendant's 12 previous acts of title fraud in 2012. The prosecution argued that the other-acts evidence demonstrated that defendant was an expert at titling vehicles with the Michigan Secretary of State without proper titles and that defendant lacked innocent intent. The prosecution also argued that the other-acts evidence demonstrated a lack of mistake, rather than criminal propensity. Defendant argued in

-1-

response that the other-acts evidence was only probative of defendant's propensity to commit the charged offense and was not sufficiently similar to defendant's alleged conduct in this case. The trial court determined that the previous title fraud acts constituted a lack of mistake and that defendant's act in this case was a part of a common scheme or plan that he had utilized in the past in manipulating title records. Therefore, the trial court permitted the prosecution to present the other-acts evidence at trial but excluded evidence of the defendant's previous convictions for that conduct.

Before the case was submitted to the jury, defendant moved for a directed verdict on the basis of improper venue. Defendant asserted that he was improperly tried in Macomb County because he did not make any false statements in Macomb County. Defendant also argued that, when he towed the Pontiac Fiero from Gelle's property, an exchange of title did not occur and that the towing was not an act related to the elements of the charged offense. The prosecution argued in response that there was sufficient evidence presented that defendant falsely stated that he purchased the Pontiac Fiero. The prosecution also argued that defendant's act of towing the vehicle from Macomb County was an act that culminated in the charged offense.

The trial court determined that the prosecution presented sufficient evidence of a material representation in defendant's application for certificate of title regarding the purchase and transfer of title and sufficient evidence that defendant's alleged false statements had a direct effect on the ownership of the Fiero, which was located in Macomb County, to present the case and the venue issue to the jury. Therefore, the trial court denied defendant's motion for a directed verdict. The jury found defendant guilty of making a false statement on an application for certificate of title to a motor vehicle, and defendant now appeals.

## II. STANDARDS OF REVIEW

This Court reviews de novo a trial court's determination regarding the existence of venue in a criminal action. *People v Houthoofd*, 487 Mich 568, 579; 790 NW2d 315 (2010). Additionally, this Court reviews de novo issues of statutory interpretation. *Id*.

"When reviewing a trial court's decision on a motion for a directed verdict, this Court reviews the record de novo to determine whether the evidence presented by the prosecutor, viewed in the light most favorable to the prosecutor, could persuade a rational trier of fact that the essential elements of the crime charged were proved beyond a reasonable doubt." *People v Quinn*, 305 Mich App 484, 491; 853 NW2d 383 (2014) (quotation marks and citation omitted); MCR 6.419(A).

Generally, "[t]he question whether defense counsel performed ineffectively is a mixed question of law and fact; this Court reviews for clear error the trial court's findings of fact and reviews de novo questions of constitutional law." *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). Because this Court denied defendant's motion for remand and no evidentiary hearing has been held in this case, this Court's review of defendant's ineffective assistance of counsel claim is limited to mistakes apparent in the lower court record. See *People v Payne*, 285 Mich App 181, 188; 774 NW2d 714 (2009).

This Court reviews for abuse of discretion the trial court's decision to admit other-acts evidence. *People v Waclawski*, 286 Mich App 634, 669-670; 780 NW2d 321 (2009). "The trial court abuses its discretion when its decision falls outside the range of principled outcomes or when it erroneously interprets or applies the law." *People v Lane*, 308 Mich App 38, 51; 862 NW2d 446 (2014) (citations omitted).

III. ANALYSIS

A. VENUE

Defendant first argues that the prosecution did not establish venue beyond a reasonable doubt. We disagree.

"Venue is a part of every criminal prosecution and must be proved by the prosecutor beyond a reasonable doubt." *People v Webbs*, 263 Mich App 531, 533; 689 NW2d 163 (2004). Generally, a defendant should be tried in the county where he or she committed the crime. *Houthoofd*, 487 Mich at 579. "[E]xcept as the legislature for the furtherance of justice has otherwise provided reasonably and within the requirements of due process, the trial should be by a jury of the county or city where the offense was committed." *Id*. (quotation marks and citation omitted). In the absence of an applicable statutory exception, the general rule that venue is proper in a criminal trial where the offense was committed is a "mandatory aspect of criminal venue in Michigan." *People v McBurrows*, ___ Mich ___; ___ NW2d ___ (2019) (Docket No. 157200); slip op at 6.

An interpretive tool that courts may use to determine proper venue is the "verb test" that stems from federal law. *McBurrows*, ___ Mich ___; slip op at 6-7. Under the "verb test," a court examines the verbs of the statute to determine the nature of the offense. See *id*., citing *US v Rodriguez-Moreno*, 526 US 275, 280; 119 S Ct 1239; 143 L Ed 2d 388 (1999). "While the 'verb test' certainly has value as an interpretative tool, it cannot be applied rigidly, to the exclusion of other relevant statutory language." *Rodriguez-Moreno*, 526 US at 280.

The Michigan Vehicle Code concerns the validity of title transfers. *People v Jensen*, 162 Mich App 171, 183; 412 NW2d 681 (1987). MCL 257.254 prohibits two types of conduct. *People v Ross*, 204 Mich App 310, 311; 514 NW2d 253 (1994). MCL 257.254 provides:

> Any person who shall knowingly make any false statement of a material fact, either in his or her application for the certificate of title required by this act, or in any assignment of that title, or who, with intent to procure or pass title to a motor vehicle which he or she knows or has reason to believe has been stolen, shall receive or transfer possession of the same from or to another, or who shall have in his or her possession any vehicle which he or she knows or has reason to believe has been stolen, and who is not an officer of the law engaged at the time in the performance of his or her duty as such officer, is guilty of a felony, punishable by a fine of not more than $5,000.00, or by imprisonment for not more than 10 years, or both.

MCL 257.254 is an antitheft statute within the Michigan Vehicle Code that proscribes the act of making a false statement in an application for a certificate of title or in an assignment of the title to a vehicle. *Ross*, 204 Mich App at 312.

In order to prove a violation of MCL 257.254 regarding a statement in an application for a certificate of title, the prosecution must prove that 1) the defendant applied for a certificate of title to a motor vehicle, 2) the defendant made a false statement of a material fact, and 3) the defendant knew that the statement was false. See *Jensen*, 162 Mich App at 182-184; M Crim JI 24.7. The statute also prohibits a person from receiving or transferring possession of a stolen vehicle with the intent to pass title. MCL 257.254; *Ross*, 204 Mich App at 311-313 (holding that the second provision of MCL 257.254 regarding the transfer of a stolen vehicle with the intent to pass title concerns the passing of the right of ownership to the stolen vehicle). The Michigan Supreme Court determined that "mere possession of a stolen car without an intent to fraudulently transfer title of that car would not validly fall within the Michigan constitutional requirement that legislation cannot embrace more than one object." *Jensen*, 162 Mich App at 183, citing *People v Morton*, 384 Mich 38; 179 NW2d 379 (1970).

The nature of the offense involves submitting a false statement in an application for a certificate of title. An individual provides such a false statement to the Secretary of State in order to obtain a certificate of title to a vehicle. The essential verb in this offense is "shall knowingly make" the false statement in an application for a certificate of title. An implicit component of the offense is that the individual submits the application to the Secretary of State to obtain title to the vehicle. An individual commits this crime where the individual submits the application for a certificate of title that contains the false statement. Therefore, venue is proper under the general venue rule where the individual submits his or her application for a certificate of title.

In this case, defendant submitted the application for certificate of title to the Pontiac Fiero to the Livonia branch of the Michigan Secretary of State, located in Wayne County, in September 2015. Defendant's application for certificate of title contained the alleged false statement that defendant purchased the vehicle from Gelle for $1,400. Defendant completed the criminal act of making a false statement on an application for certificate of title to a motor vehicle in Livonia, Michigan, and the proscribed conduct occurred within Wayne County. Therefore, venue was proper under the common-law general venue rule in Wayne County. See *McBurrows*, ___ Mich ___; slip op at 7-9; see also *People v McBurrows*, 322 Mich App 404, 414; 913 NW2d 342 (2017).

Although it is a default rule that a crime is prosecuted where the offense is committed, the Legislature may enact statutes to provide for alternative venue. *McBurrows*, ___ Mich ___; slip op at 14-15. The Michigan Supreme Court previously upheld prosecutions under alternative venue statutes, including MCL 762.5. See *id.*; slip op at 14, citing *People v Southwick*, 272 Mich 258; 261 NW 320 (1935); *People v Coapman*, 326 Mich 321; 40 NW2d 167 (1949). The Legislature provided alternative venue for a felony consisting of two or more acts under MCL 762.8.

MCL 762.8, as amended 2013 PA 128, effective October 9, 2013, provides as follows:

> Whenever a felony consists or is the culmination of 2 or more acts done in the perpetration of that felony, the felony may be prosecuted in any county where any of those acts were committed or in any county that the defendant intended the felony or acts done in perpetration of the felony to have an effect.

The former language of MCL 762.8, 1929 PA 24, provided that "[w]henever a felony consists or is the culmination of 2 or more acts done in the perpetration thereof, said felony may be prosecuted in any county in which any 1 of said acts was committed."

The Michigan Supreme Court in *Houthoofd* held that the unambiguous language of the former version of MCL 762.8 provided that venue was proper in any county in which any one of the acts of the crime was committed. *Houthoofd*, 487 Mich at 583-584. The *Houthoofd* Court also held that the statute did not contemplate venue where the effects of the act were felt. *Id*. at 584. However, the Legislature subsequently amended MCL 762.8 to establish venue in a county where a defendant intended the felony or the acts done in perpetration of the felony to have an effect. MCL 762.8, as amended 2013 PA 128. Therefore, venue is proper in any county where the defendant committed the acts in perpetration of the offense or where the defendant intended the offense or acts done in perpetration of the offense to have an effect. See *McBurrows*, 322 Mich App at 415.

The Supreme Court in *McBurrows* determined that venue was not established under MCL 762.8 in Monroe County—the county in which the defendant was charged—because there was no act done in perpetration of the defendant's felony in Monroe County. *McBurrows*, ___ Mich ___; slip op at 18-19. This case is distinguishable from *McBurrows*, and the criminal statute and factual circumstances support the determination that venue was established in Macomb County. The Supreme Court in *McBurrows* examined whether the decedent's acts of consuming heroin and passing away were acts done in perpetration of MCL 750.317a, delivery of a controlled substance causing death. *Id*.; slip op at 17. Whether the defendant intended for any effects of his offense to be felt in Monroe County was not at issue.

The Supreme Court explained that the term "perpetration" in MCL 762.8 "carries with it a connotation of culpability or blameworthiness, as though a part of the defendant's endeavor" and limits the application of the statute to the conduct of a criminal actor or his agent. *McBurrows*, ___ Mich ___; slip op at 18. The Supreme Court determined that there was no allegation that the defendant "endeavored to deliver this controlled substance to the decedent, or that he intended the decedent's death; nor is it alleged that the decedent intended to die or coordinated his actions with defendant in any way." *Id*. Further, the Supreme Court held that MCL 762.8 did not establish venue in Monroe County—the county in which the decedent passed away—because the decedent's acts that were elements of the crime, specifically consuming the heroin and passing away, were "unconnected to defendant's [acts] and therefore did not implicate the decedent or make him culpable for defendant's behavior." *Id*.; slip op at 18-19. Therefore, the decedent's consumption of the drugs and his resulting death were not a part of the defendant's criminal endeavor.

In contrast in this case, the issue whether defendant intended the felony and the acts done in perpetration of the felony to have an effect in Macomb County is an issue on appeal. Unlike the defendant and the decedent in *McBurrows* who did not have any direct contact or connection, *McBurrows*, ___ Mich ___; slip op at 18-19, defendant and Gelle had direct contact regarding the vehicle that was the subject of defendant's criminal endeavor. Defendant's acts done related to the elements of MCL 257.254 were applying for a certificate of title and making a false statement in the application. See *Jensen*, 162 Mich App at 182-184. An implicit component of the *corpus delicti* of the offense in this case was to procure and transfer the title to the vehicle to the detriment of the rightful owner who was located in Macomb County. See *Jensen*, 162 Mich App at 183 (explaining that the Michigan Vehicle Code and MCL 257.254 concern the valid transfer of title to a vehicle). Defendant intended his act to obtain title to the Fiero to have an effect in Macomb County where defendant would have ownership of the vehicle and Gelle would be deprived of his property rights.[1]

Further, defendant's acts of towing the vehicle from Gelle's property in Macomb County and failing to produce the vehicle upon Gelle's requests were acts directly related to the detriment of Gelle's property rights and ownership of the vehicle in Macomb County. Although it is unclear from the lower court record whether defendant towed the vehicle to a location in Macomb County or Wayne County, the towing was a part of defendant's endeavor to obtain title to the Fiero to Gelle's detriment. Cf. *McBurrows*, ___ Mich ___; slip op at 18. Defendant's acts towing the vehicle from Gelle's Macomb County property and failing to return the vehicle carried a connotation of culpability or blameworthiness related to defendant's criminal endeavor of making a false statement in an application for a certification of title. Cf. *McBurrows*, ___ Mich ___; slip op at 18-19.[2] Therefore, we conclude that MCL 762.8 provided an exception to the general venue rule sufficient to establish venue in Macomb County.

Because venue was proper in Macomb County, the trial court did not err by denying defendant's motion for a directed verdict. The trial court determined that the prosecution presented sufficient evidence of a material representation in defendant's application for certificate of title regarding the purchase and transfer of title and sufficient evidence that defendant's alleged false statements had a direct effect on the ownership of the Fiero, which was located in Macomb County, to present the case and the venue issue to the jury. Further, the trial court instructed the jury that it must find that the prosecution proved beyond a reasonable doubt

---

[1] Under the facts and circumstances of this case, venue was possible in either Macomb County or Wayne County, and the parties do not argue that venue was possible in any other county. There were no allegations or facts to support the argument that defendant in this case intended for his criminal endeavor or the acts done in perpetration of the crime to have an effect in a county other than Macomb County or Wayne County.

[2] Unlike the decedent's acts in *McBurrows* of consuming the heroin and passing away, which were necessary to complete the elements of the charged offense but were not connected to the defendant's acts, there was no act for Gelle to perform in order for the elements of making a false statement on an application for a certificate of title to occur. Cf. *McBurrows*, ___ Mich ___; slip op at 18-19.

that the crime occurred in Macomb County in order to find defendant guilty of the charged offense. Therefore, the lower court record supports the trial court's determination that the prosecutor presented sufficient evidence that venue existed in Macomb County. Additionally, the lower court record supports the jury's finding that the prosecutor proved that venue existed in Macomb County under MCL 762.8 beyond a reasonable doubt and supports the jury verdict. See *McBurrows*, ___ Mich ___; slip op at 18-19; *Houthoofd*, 487 Mich at 579.

## B. EFFECTIVE ASSISTANCE OF COUNSEL

Defendant next argues that he was deprived of his right to effective assistance of counsel based on defense counsel's failure to move to quash or dismiss the criminal case against defendant on the basis of improper venue before the trial. The record does not support defendant's argument.

"Effective assistance of counsel is presumed, and the defendant bears the heavy burden of proving otherwise." *People v Solmonson*, 261 Mich App 657, 663; 683 NW2d 761 (2004). In order to overcome this presumption, a defendant must show that: (1) defense counsel's performance did not meet an objective standard of reasonableness under the circumstances and according to prevailing professional norms and (2) there was a reasonable probability that, but for defense counsel's errors, the results of the proceeding would be different. *Strickland v Washington*, 466 US 668, 687-688; 104 S Ct 2052; 80 L Ed 2d 674 (1984); *People v Pickens*, 446 Mich 298, 312-313; 521 NW2d 797 (1994). Additionally, a defendant must show that the result that occurred was fundamentally unfair or unreliable. *People v Lockett*, 295 Mich App 165, 187; 814 NW2d 295 (2012).

"Defense counsel must be afforded broad discretion in the handling of cases." *Pickens*, 446 Mich at 325. Trial counsel is not ineffective for failing to raise an objection or a motion that lacks merit. *People v Fike*, 228 Mich App 178, 182; 577 NW2d 903 (1998); *People v Fonville*, 291 Mich App 363, 384; 804 NW2d 878 (2011). "Declining to raise objections can often be consistent with sound trial strategy." *People v Unger*, 278 Mich App 210, 242, 253; 749 NW2d 272 (2008).

In this case, it is not apparent from the record that defense counsel erred. Defendant did not establish that defense counsel's performance fell below an objective standard of reasonableness. As previously discussed, venue was proper in Macomb County. Although defendant completed the criminal offense of making a false statement in an application for certificate of title in Wayne County, the lower court record supports the conclusion that defendant intended the effect of his acts to occur in Macomb County. The lower court record supports the trial court's determination that the prosecutor presented sufficient evidence that venue existed in Macomb County. Additionally, the trial court instructed the jury that it must determine whether the prosecutor proved beyond a reasonable doubt that the crime occurred in September 2015 in Macomb County, and the jury subsequently found defendant guilty of the charged offense. Defense counsel was not ineffective for failing to move to dismiss the criminal case against defendant because such a motion was futile. See *Fike*, 228 Mich App at 182-183; *Fonville*, 291 Mich App at 384.

Defendant also did not establish the requisite prejudice for his ineffective assistance of counsel claim. Defense counsel raised the issue of improper venue in a motion for directed verdict after the prosecution rested but before the case was submitted to the jury and argued that the transaction involving the alleged false statements occurred at the Livonia Secretary of State office in Wayne County. Additionally, venue was proper in Macomb County because the evidence demonstrated that defendant intended his acts to affect Gelle's property rights in Macomb County. Defendant did not demonstrate that there was a reasonable probability that the trial court would have dismissed the criminal case against defendant had defense counsel moved to dismiss the case before trial. Therefore, defendant failed to overcome the presumption that defense counsel's performance constituted a trial strategy and failed to show that the trial court would have granted defense counsel's motion to dismiss the case. See, e.g., *People v Petri*, 279 Mich App 407, 412-413; 760 NW2d 882 (2008). We conclude that defense counsel was not ineffective for failing to move to dismiss the criminal case before the jury trial, and defendant was not deprived of the effective assistance of counsel. See *Strickland*, 466 US at 687-688; *Solmonson*, 261 Mich App at 663.

## C. MRE 404(b) EVIDENCE

Finally, defendant argues that the trial court erroneously permitted the prosecution to present evidence that defendant committed 12 previous acts of title fraud. We disagree.

Generally, "relevant evidence is admissible" and "[e]vidence which is not relevant is not admissible." MRE 402. " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. Additionally, the trial court may exclude relevant evidence if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." MRE 403.

MRE 404(b)(1) concerns the admission of other-acts evidence and provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

MRE 404(b) represents a "deeply rooted and unwavering principle that other-acts evidence is inadmissible for propensity purposes" to prevent a jury from convicting a defendant on the basis of his or her bad character, rather than because he or she is guilty of the charged offense. *People v Denson*, 500 Mich 385, 397; 902 NW2d 306 (2017).

Generally, to be admissible under MRE 404(b), other-acts evidence: (1) must be offered for a proper purpose, (2) must be relevant, and (3) must not have a probative value substantially outweighed by its potential for unfair prejudice. *People v VanderVliet*, 444 Mich 52, 74; 508

NW2d 114 (1993), amended 445 Mich 1205 (1994); *People v Steele*, 283 Mich App 472, 479; 769 NW2d 256 (2009). A proper purpose is one other than establishing the defendant's character to show his propensity to commit the offense. *VanderVliet*, 444 Mich at 74; *People v Johnigan*, 265 Mich App 463, 465; 696 NW2d 724 (2005). Unfair prejudice occurs when there is a tendency for the jury to give the evidence undue or preemptive weight or when it would be inequitable to allow the use of the evidence. *Waclawski*, 286 Mich App at 672. "The relationship of the elements of the charge, the theories of admissibility, and the defenses asserted governs what is relevant and material." *VanderVliet*, 444 Mich at 75.

"[E]vidence of similar misconduct is logically relevant to show that the charged act occurred where the uncharged misconduct and the charged offense are sufficiently similar to support an inference that they are manifestations of a common plan, scheme, or system." *Steele*, 283 Mich App at 479 (quotation marks and citation omitted). The relevance of other-acts evidence is not limited to circumstances in which each act is a part of a larger plan, but includes circumstances in which the charged and other acts are sufficiently similar and are parts of a general plan. *People v Dobek*, 274 Mich App 58, 90; 732 NW2d 546 (2007). A general similarity between the charged and uncharged acts does not alone establish a single plan, scheme, or system. *Id*. There must be a concurrence of common features among the acts such that the charged acts and the other acts are logically viewed as part of a general plan, scheme, or design. *Steele*, 283 Mich App at 479-480.

Additionally, other-acts evidence can be used to demonstrate an absence of mistake if the evidence is logically relevant and the probative value is not substantially outweighed by its potential for unfair prejudice. *VanderVliet*, 444 Mich at 74; *People v Werner*, 254 Mich App 528, 539-540; 659 NW2d 688 (2002).

In this case, defendant previously admitted to police detectives that he committed 12 title fraud offenses in 2012. The other-acts evidence was admitted to show that defendant was familiar with the title processes of the Michigan Secretary of State and that he had experience falsifying title documents. The lower court record supports the trial court's determination that this evidence demonstrated a lack of mistake and that defendant's actions in this case were a part of a common scheme or plan to manipulate title records with the Secretary of State, rather than proving defendant's propensity to commit acts of title fraud. Therefore, the evidence was admitted for a proper purpose. See *VanderVliet*, 444 Mich at 74; *Johnigan*, 265 Mich App at 465.

Additionally, defendant's other acts of title fraud involved false statements regarding ownership of vehicles on forms that defendant submitted to the Michigan Secretary of State. These other acts were sufficiently similar and shared a concurrence of common features to the charged act of making a false statement regarding defendant's purchase and ownership of the Pontiac Fiero. The similarities among the other acts and the charged offense supported an inference that defendant's conduct was a part of a general scheme to manipulate the Secretary of State title records. The other-acts evidence supported an inference that it was more probable than not that defendant was aware that he could obtain title to vehicles by submitting false information to the Secretary of State. Therefore, the other-acts evidence was relevant. See *Steele*, 283 Mich App at 479-480; *Dobek*, 274 Mich App at 90-91.

Finally, the probative value of the other-acts evidence was not outweighed by the danger of unfair prejudice. MRE 403. Although the evidence may have been somewhat prejudicial to defendant, it was not unfairly prejudicial. The other-acts evidence was defendant's own admissions to the previous title fraud acts. The trial court determined that the other-acts evidence would also be admissible as a statement against a party opponent pursuant to MRE 801(d)(2). Further, the trial court limited the scope of the evidence and did not permit the prosecution to present evidence of the police officer's investigation of the other acts or evidence that these other acts of title fraud resulted in criminal convictions.

The prosecutor did not argue that defendant had a propensity for criminal behavior or to commit acts of title fraud. The trial court instructed the jury to not use the other-acts evidence as propensity evidence to convict defendant of the charged offense, and the jury is presumed to follow jury instructions. *People v Mullins*, 322 Mich App 151, 173; 911 NW2d 201 (2017). The admission of defendant's statements regarding the other-acts evidence was not inequitable, and the jury was not likely to give the testimony regarding defendant's admission to the title fraud acts undue or preemptive weight. Therefore, we conclude that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice, and the trial court did not abuse its discretion by admitting the other-acts evidence. See *Waclawski*, 286 Mich App at 672.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ James Robert Redford

-10-